The Honorable Tiffany M. Cartwright

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| OBRIA GROUP, INC. and MY CHOICES d/b/a OBRIA MEDICAL CLINICS PNW,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT FERGUSON, in his official capacity as Attorney General for the State of Washington,<br><br>Defendant. | NO. 3:23-cv-06093-TMC<br><br>DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS<br><br>NOTED FOR: February 23, 2024<br><br>ORAL ARGUMENT: February 29, 2024 at 9:30 a.m. |

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS -- NO. 3:23-cv-06093-TMC

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 1

   A. Obria's New "Facts" and Declaration Are Improper.................................................. 1

   B. Obria Cannot Establish Standing or Ripeness ........................................................... 2

      1. Obria cannot establish injury-in-fact.................................................................... 2

      2. The case is prudentially unripe............................................................................. 6

   C. The Complaint Does Not Plead Any Constitutional Violation.................................. 8

      1. First Amendment retaliation................................................................................. 8

      2. First Amendment selective enforcement.............................................................. 9

      3. Freedom of association......................................................................................... 9

      4. Free Exercise Clause .......................................................................................... 10

      5. Fourth Amendment ............................................................................................ 12

III. CONCLUSION ................................................................................................................ 12

DEF.'S REPLY IN SUPP. OF MOT. TO DISMISS -- NO. 3:23-cv-06093-TMC

i

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

|   |   |
|---|---|
| 1 | **I.     INTRODUCTION** |
| 2 | Obria urge this Court to disregard the Attorney General's role as Washington's chief law |
| 3 | enforcement officer, and assume, based on their say-so, that any investigation into their affairs |
| 4 | can *only* be explained by religious animus. In reality, this case involves nearly two-year-old |
| 5 | non-self-enforcing CIDs that Obria already substantially complied with and which the AGO is |
| 6 | not seeking to enforce. Indeed, the Complaint does not allege the AGO has sought *any* additional |
| 7 | materials from Obria since they made their last production in April 2023. Obria's sudden efforts |
| 8 | to invoke this Court's limited jurisdiction lack merit. |
| 9 | First, no amount of rhetoric can change the fact that there is no actual controversy here. |
| 10 | Federal courts, including the Ninth Circuit in *Twitter* and this Court last month, routinely dismiss |
| 11 | cases seeking to enjoin the hypothetical enforcement of non-self-enforcing CIDs, because they |
| 12 | lack an injury-in-fact, are not prudentially ripe, or both. Obria's Complaint is no different. |
| 13 | Second, Obria do not address the fundamental defects with their merits arguments, which boil |
| 14 | down to provocative accusations without factual support. The Complaint fails to plausibly show |
| 15 | any violation of Obria's constitutional rights, and should be dismissed. |
| 16 | **II.     ARGUMENT** |
| 17 | **A.     Obria's New "Facts" and Declaration Are Improper** |
| 18 | To start, the Declaration of Obria PNW's CEO, Janet Sussman, and the new "facts" |
| 19 | proffered in Obria's response, are improper and should be disregarded. "[N]ew factual |
| 20 | allegations raised in an opposition brief will not rescue a complaint from dismissal under |
| 21 | Rule 12(b)(6)." *Penwell v. Providence Health & Servs.*, No. 2:19-CV-01786-RAJ, 2020 WL |
| 22 | 3035566, at *3 (W.D. Wash. June 5, 2020); *see also Schneider v. Cal. Dep't of Corr.*, 151 F.3d |
| 23 | 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a |
| 24 | court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum |
| 25 | in opposition to a defendant's motion to dismiss."). The same is true for the AGO's jurisdictional |
| 26 | arguments under Rule 12(b)(1). As the AGO challenges Obria's jurisdictional allegations on |

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS -- NO. 3:23-cv-06093-TMC

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  their face, this Court resolves jurisdictional arguments "as it would a motion to dismiss under
2  Rule 12(b)(6)." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Because "Plaintiffs
3  cannot save a deficient complaint from dismissal by alleging new facts in an opposition brief or
4  otherwise relying on documents outside the pleadings," the Sussman Declaration and new
5  "facts" in Obria's opposition should be disregarded.[1] *Bastida v. Nat'l Holdings Corp.*,
6  No. C16-388RSL, 2016 WL 4250135, at *1 (W.D. Wash. Aug. 4, 2016).

**B.     Obria Cannot Establish Standing or Ripeness**

   **1.     Obria cannot establish injury-in-fact**

Obria asserts a justiciable controversy exists based upon two CIDs they received in May 2022 that they have already substantially complied with. Because Obria have identified no legally cognizable harm this Court should dismiss Obria's claims for lack of subject matter jurisdiction.

***No Free Speech Harm.*** First, Obria have not established harm to their freedom of speech because they have not plausibly alleged self-censorship. *See Twitter v. Paxton*, 56 F.4th 1170, 1174 (9th Cir. 2022). Indeed, Plaintiffs concede they have continued to disseminate APR information on the "*national* Obria website for Obria PNW." Dkt. #25 (Resp. at 7). While Obria claim they were forced to engage in a "joint effort" to "modify and coordinate their speech because of the CIDs," *Id*., and to generally forgo preparing and distributing *some* materials on APR's "safety and efficacy" (while continuing to broadcast APR information via a shared website, Compl. ¶ 120), these are the types of "vague" and "indefinite" allegations of chilled speech that the Ninth Circuit held insufficient. *See Twitter*, 56 F.4th at 1175 (finding Twitter's claim that it was "forced to weigh the consequence of a burdensome investigation" when making content moderation decisions "too indefinite" to meet Article III's "concreteness and particularity standards").

---

[1] The Sussman Declaration (Dkt. # 25-1) also relies on hearsay and uncorroborated statements (¶¶ 4-5), so does not provide the "competent proof" needed to support jurisdictional allegations. *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944 (9th Cir. 2021).

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS -- NO. 3:23-cv-06093-TMC

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Even if Obria could plausibly allege self-censorship, they cannot establish it was objectively reasonable here. Mere receipt of the AGO's non-self-enforcing CIDs—even one Obria mischaracterize as "broad," Resp. at 5-7—is insufficient to satisfy Article III under *Twitter* and its progeny.[2] That is because Obria could have immediately moved to modify or set aside the CIDs (indeed, the AGO gave them additional time to do so). RCW 19.86.110(8). Notably, they identify no unusual circumstances that would have prevented Washington courts from fairly considering their claims. *Cf. MLB*, 331 F.3d at 1181 & n.10 (explaining how CID challenge was not viable in state court due to an earlier decision by Florida Supreme Court on baseball-immunity issue). And because Washington CIDs are non-self-enforcing, RCW 19.86.110(9), here, as in *Twitter*, any supposed chill was self-inflicted and not objectively reasonable.[3]

Obria's back-up arguments on standing fare no better.

***No Associational Harm.*** Obria argue that because the CIDs request information related to Obria's associates, they have established a "per se harm to [their] protected associations" under *American for Prosperity Foundation v. Bonta*, 141 S. Ct. 2373 (2021). Resp. at 7. But *Bonta* holds no such thing, and is, in fact, inapposite. 141 S. Ct. at 2382, 2385-87 (invalidating California law requiring all charities to disclose donor information in part because the CA AG had less burdensome alternatives—subpoenas—to obtain the information). Contrary to Obria's

---

[2] Neither *Major League Baseball (MLB)* nor *Smith & Wesson* are to the contrary. Resp. at 1 (citing *MLB v. Crist*, 331 F.3d 1177 (11th Cir. 2009) and *Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 27 F.4th 886 (3rd Cir. 2022)). *Smith & Wesson* involved CIDs that the state AG had sought to enforce and was therefore ripe. And *MLB* involved antitrust CIDs that the state AG lacked the authority to issue as they concerned "the business of baseball," which is uniquely immune from antitrust investigation.

[3] *Twitter* recognizes, albeit in dicta, that a litigant *could* "suffer[] injury in the form of objectively reasonable chilling of its speech ... from [receipt of a non-self-executing] CID even prior to the CID's enforcement." 56 F.4th at 1178 n.3. But this is not that case. Here, Obria manufacture a crisis out of whole cloth, nearly two years after the AGO served the CIDs. Moreover, *Twitter's* holding that any injuries sustained in response to CIDs did not create an Article III injury because they were "voluntary," *id.* at 1176, strongly suggests that establishing objectively reasonable chill in response to non-self-executing CIDs prior to enforcement would be a high bar that Obria cannot meet, particularly given the ability of Washington CID recipients to immediately challenge a CID they believe is unlawful. RCW 19.86.110(8).

fanciful claims, requesting information about a target's business associates is perfectly ordinary, and does not create a *per se* constitutional harm.

***No Free Exercise or Fourth Amendment Harms***. Obria's generalized allegations of harms to their religious and Fourth Amendment freedoms are also insufficient to establish injury-in-fact. Resp. at 8-9; *Second Am. Found. v. Ferguson*, No. C23-1554 MJP, 2024 WL 97349, at *5 (W.D. Wash. Jan. 9, 2024) (hereinafter *SAF*) (finding Fourth Amendment claim "defective for the same reasons as the First Amendment claim"). And its assertions of "imminent further harm" fall resoundingly flat given that there is no threat of enforcement. Resp. at 9; *infra* at 4-5.

***No Organizational Standing.*** An organization may not "manufacture an injury by choosing to spend money fixing a problem that otherwise would not affect the organization at all." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 682-83 (9th Cir. 2023) (hereinafter *FCA*) (quotations omitted). This argument failed in *Twitter*, and it fails here too. 56 F.4th at 1175-76 (finding no harm based on Twitter's assertion that "the CID forced it to incur financial costs and divert employee time, and…produce[]…documents" because "the enforceability of the CID remains an open question").

***No Pre-Enforcement Standing***. In addition, Obria now claim "pre-enforcement" standing based on an alleged threat of future harm. But the Ninth Circuit expressly found that a pre-enforcement framework is inappropriate to evaluate a challenge to a CID. *Id.* at 1175; *see also SAF*, 2024 WL 97349, at *5(discussing *Twitter* and applying "the 'retaliatory framework,' rather than the 'pre-enforcement' framework"). Because the same is true here, this argument fails at the outset.

In any event, Obria cannot show an "actual or well-founded fear" that the AGO will enforce CIDs, when production was completed *ten months* ago. Resp. at 10 (quoting *Twitter*, 56 F.4th at 1174). In arguing otherwise, Obria contend there is a "presumption of penalties" for non-compliance with a Washington CID. Resp. at 5-6; 10-13. There is no such thing. The CPA

DEF.'S REPLY IN SUPP. OF MOT. TO DISMISS -- NO. 3:23-cv-06093-TMC

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  provides a court "*may* impose such sanctions as are provided for in" Washington Civil Rule 37
2  in a CID enforcement action. RCW 19.86.110(9) (emphasis added). CR 37, in turn, only provides
3  for costs and fees associated with a motion if the court finds that an opposition was not
4  "substantially justified." Wash. Civ. R. 37(a)(4). Thus, if a party has a good-faith basis for
5  opposing CID enforcement, no fees or costs may be awarded. Further, if the court finds a motion
6  for CID enforcement is not "substantially justified," the court may order payment of the fees and
7  costs "incurred in opposing the motion." *Id*. Thus, there is no "presumption of penalties" for CID
8  non-compliance.[4]

9  Nor has the AGO threatened enforcement of the CIDs.[5] While the AGO sent deficiency
10 letters last spring, Obria responded with a last production in April 2023. Obria do not (and
11 cannot) allege any further requests by the AGO. Obria point to a letter from the California AG
12 that AG Ferguson co-signed regarding "Yelp's efforts to ensure that consumers receive clear
13 information about the limitations of the services and staff available at CPCs." Dkt. #23-3 at 2 of
14 11. But contrary to Obria's assertion, the letter in no way suggests litigation from AG Ferguson
15 was "soon to follow." Resp. at 12. Instead, the letter responded to an earlier letter from
16 Republican AGs and was issued to "support Yelp's efforts" regarding CPCs, Dkt. #23-3 at 2 of
17 11. Simply put, the AGO has not interacted with Obria since Obria's last production in April
18 2023. Obria's attempts to manufacture a threat fall flat.[6]

19 Obria's claims must be dismissed as constitutionally unripe.

---

[4] Obria's contention that Washington's CIDs *are* self-enforcing because a court may award fees and costs following a CID enforcement action is meritless. Resp. at 11. A CID is non-self-enforcing where "the issuing agency could not itself sanction non-compliance." *Google, Inc. v. Hood*, 822 F.3d 212, 224 (5th Cir. 2016); *Twitter*, 56 F.4th at 1176 (same). Here, as in *Twitter*, Obria's CIDs were not self-enforcing because the AGO would have to petition for enforcement if Obria refused to respond. RCW 19.86.110(9).

[5] Plaintiffs do not allege that the language contained in the CID (Resp. at 6, 11)—which cites RCW 19.86.110—led them to believe there was any threat of enforcement. *See generally* Compl.

[6] This case is unlike *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000), which *Twitter* found inapplicable for reasons that apply equally here. *Twitter*, 56 F.4th at 1177. Further, Obria are mistaken that Washington State was involved in the investigation at issue in *White*. *Contra* Resp. at 13.

DEF.'S REPLY IN SUPP. OF MOT. TO DISMISS -- NO. 3:23-cv-06093-TMC

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

### 2. The case is prudentially unripe

As previously established, Dkt. #21 (MTD) at 11-14, Obria's lawsuit is not prudentially ripe because (1) it is not "fit[]…for judicial decision," and (2) Obria will suffer no "hardship" if the Court withholds consideration. *Tingley v. Ferguson*, 47 F.4th 1055, 1080-81 (9th Cir. 2022) (citations omitted). That Obria seek to enjoin enforcement of the CIDs, and not the AGO's investigation more broadly, makes no difference. Either way, Obria fail the first prudential ripeness factor because they seek to interfere with an ongoing investigation by challenging a non-final agency action. *See SAF*, 2024 WL 97349, at *6 ("Any determination of whether the investigation is improper or the CIDs are unenforceable relies on an incomplete factual record…which satisfies the first [prudential ripeness] consideration."); *Flaxman v. Ferguson*, No. C23-1581-KKE, 2024 WL 623754, *4 (W.D. Wash. 2024) (finding claims prudentially unripe with ongoing investigatory proceedings and no final action).

Next, Obria will not face any hardship if denied review because the CIDs are not self-enforcing. *Twitter's* discussion of *Google* is not to the contrary. Resp. at 15. At most, *Twitter* rejects, in dicta, the notion that a litigant could *never* suffer a cognizable harm from a non-self-enforcing CID prior to the CID's enforcement. *Twitter*, 56 F.4th at 1158 n.3. But the Ninth Circuit's nod to that theoretical possibility does not mean Obria will suffer hardship here if the Court declines consideration. They will not.

Further, Obria's objections about a "Catch-22" are overblown. Resp. at 16. As *Twitter* explained, ripeness is a core issue when a non-self-enforcing CID is at play because "the enforceability of the CID remains an open question." 56 F.4th at 1176. Those issues are at the forefront here given that Obria made its last production over ten months ago and the AGO has requested nothing further since then. But this does not mean that a CID recipient is left without legal recourse. A recipient who believes a CID is unlawful may immediately challenge it. *See* RCW 19.86.110(8). And if they choose not to, they may still raise constitutional objections if the government ever seeks to enforce. *See, e.g.*, *State v. Brelvis Consulting LLC*, 436 P.3d 818

DEF.'S REPLY IN SUPP. OF MOT. TO
DISMISS -- NO. 3:23-cv-06093-TMC

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  (Wash. 2019) (considering CID recipient's constitutional objections); *In re Confidential Consumer Prot. Investigation*, 512 P.3d 904 (Wash. 2021) (addressing CID recipient's preemption and Fourth Amendment claims). This procedure not only ensures that litigants have multiple opportunities to raise any constitutional objections, but also ensures that courts need only hear actual cases or controversies.[7] And to the extent a party finds themselves litigating their federal constitutional objections in state court, Washington courts are well equipped to address them. *See generally Haywood v. Drown*, 556 U.S. 729, 735-36 (2009) ("state courts as well as federal courts are entrusted with providing a forum for the vindication of federal rights violated by state or local officials acting under color of state law").

Finally, Obria's ability to litigate their constitutional objections in state court is not "illusory." Resp. at 17. As noted above, Washington courts can and do consider federal constitutional objections in the context of CID enforcement actions. Thus, if the AGO ever sought to compel any outstanding CID requests, Obria could raise their constitutional objections at that time. *SAF* is not to the contrary. 2024 WL 97349. There, the federal court followed *Twitter* and determined that it lacked subject matter jurisdiction to consider the plaintiffs' objections to the AGO's non-self-enforcing CIDs. *Id.* at *5. But if SAF's claims ever ripen, nothing prohibits them from raising their constitutional objections once there is an actual controversy. In short, if the AGO ever seeks to compel compliance with the CIDs, Obria will have the opportunity to raise their constitutional objections. Their assertions to the contrary are baseless.

---

[7] Obria's reliance on *Knick v. Township of Scott*, 139 S. Ct. 2162 (2010) is misplaced. *Knick* simply made clear that a *ripe* takings claim may be heard in federal court. *Id.* at 2170. Because Obria's constitutional claims are not yet ripe, *Knick* is inapposite.

DEF.'S REPLY IN SUPP. OF MOT. TO DISMISS -- NO. 3:23-cv-06093-TMC

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

C.   **The Complaint Does Not Plead Any Constitutional Violation**[8]

   1.   **First Amendment retaliation**

Obria's reformulation of their retaliation arguments still does not plead a plausible claim. The AGO never conceded that Obria engaged in constitutionally protected activity. Resp. at 19. As noted, if Obria made false, deceptive, or misleading statements, that speech is unprotected—but this determination is premature. MTD at 14 n.4. And Obria have not established that the mere issuance of non-self-executing CIDs would chill a person of ordinary firmness. *Supra* at 2-5.

Nor can Obria point to any facts from which this Court can plausibly infer that the AGO holds retaliatory animus towards Obria's "Christian, pro-life speech," or that any animus was a substantial or motivating factor in issuing CIDs. Resp. at 19. The AGO is empowered to investigate potential CPA violations, regardless of a target's religious beliefs. And "protected speech is often a wholly legitimate consideration" when deciding whether to take an enforcement action. *Boquist v. Courtney*, 32 F.4th 764, 778 (9th Cir. 2022) (quotation omitted).

Obria's only claimed factual support, AG Ferguson's public statements regarding reproductive rights, proves nothing. Attorneys General are public officials, and are not required "to maintain viewpoint neutrality." *Matal v. Tam*, 582 U.S. 218, 234 (2017) (plurality opinion); *Exxon Mobil Corp. v. Schneiderman*, 316 F. Supp. 3d 679, 710 n.29 (S.D.N.Y. 2018) ("[a]s public officials the AGs 'have an obligation to speak out about matters of public concern'" and inferring discrimination from those statements "would put elected [AGs] in a straight-jacket relative to their public comments") (quotation omitted) *aff'd in part, appeal dismissed in part sub nom*, *Exxon Mobil Corp. v. Healey*, 28 F.4th 383 (2d Cir. 2022). Thus, AG Ferguson's statements supporting reproductive rights are not evidence of animus.

---

[8] Obria's response does not address their equal protection and First Amendment Privilege claims, and certain parts of their free exercise claim. Those claims are thus abandoned. *See Pilz v. Inslee*, No. 3:21-CV-05735-BJR, 2022 WL 1719172, at *8 (W.D. Wash. May 27, 2022) (collecting cases and finding unresponded-to claims abandoned).

DEF.'S REPLY IN SUPP. OF MOT. TO DISMISS -- NO. 3:23-cv-06093-TMC

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Obria also double down on their legally-incorrect statement that they are not subject to the CPA because they do not bill patients directly, which the AGO already corrected. Resp. at 20; MTD at 30, n.10.

Finally, it is Obria's "initial burden of pleading" retaliation—which they have not carried—*before* the burden shifts to the AGO to refute it. *Boquist*, 32 F.4th at 775. At any rate, Obria's religious views are simply irrelevant to an AGO investigation into possible CPA violations. Obria has not plausibly alleged otherwise.

Obria's retaliation claim must be dismissed.

### 2. First Amendment selective enforcement

Obria's selective-enforcement claim also fails. Obria cannot dodge the fact that this argument is premature because a non-self-enforcing CID is not a government action akin to an arrest or prosecution. MTD at 19. It is quite a stretch to say that issuance of a non-self-enforcing CID, without more, is sufficiently coercive. Resp. at 21.

And Obria's similarly-situated argument regarding Planned Parenthood is a red herring. MTD at 22. Given the issues that the AGO was investigating (as set forth on the face of the CIDs), Planned Parenthood simply is not the "ideological doppelganger" of Obria, Resp. at 25, as the AGO previously explained. MTD at 20.

Obria's discriminatory intent arguments fail for the same reason their retaliation claims fail. *Supra* at 8. And their argument that intent can be inferred from discriminatory effect, Resp. at 24, is not only circular, it would negate the second prong of the selective enforcement standard. *See, e.g.*, *Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir. 2012) (a plaintiff must demonstrate both discriminatory effect and discriminatory purpose); *see also Brown v. City of Pittsburg*, 586 F.3d 263, 294 (3d Cir. 2009) ("differential impact alone is not sufficient evidence of unconstitutional viewpoint discrimination"). Obria's selective enforcement claim fails.

### 3. Freedom of association

Obria's association claim also falls flat.

DEF.'S REPLY IN SUPP. OF MOT. TO DISMISS -- NO. 3:23-cv-06093-TMC

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    First, Obria again completely ignore that an association claim is premature because the AGO is not seeking or threatening to enforce any outstanding portions of the CIDs. MTD at 26. As discussed above, the AGO has made no further requests since Obria made their last production ten months ago.

Apparently recognizing the defects in their Complaint, Obria submit a new declaration and rely on new "facts" and improper hearsay to bolster their association claim, including claiming for the first time that Obria's contractual vendors are "mission-aligned" and share their "faith-based pro-life views," and highlighting one vendor's purported decision to "hold off on working" on a project because of the CIDs. Resp. at 25. But these facts are not alleged in the Complaint and cannot be used to defeat a motion to dismiss. *Supra* at 1-2. This claim should be dismissed. *See* MTD at 25-29.

Obria argues that the AGO must satisfy exacting scrutiny. Resp. at 26. But, given "[t]he lack of evidence of a constitutional violation," exacting scrutiny does not apply. *Dole v. Loc. Union 375, Plumbers Int'l Union of Am., AFL-CIO*, 921 F.2d 969, 974 (9th Cir. 1990). Even if Obria could plausibly allege associational harm, and the AGO theoretically sought additional information for its investigation, the AGO has an important governmental interest in enforcing the CPA. Whether the requests are narrowly tailored would depend entirely on what information the AGO sought. Given the parties' numerous meet-and-confers and Obria's numerous productions (not to mention the lack of an enforcement threat), any opinion on the tailoring of the largely responded-to CIDs would be wholly advisory. This claim should also be dismissed.

**4.     Free Exercise Clause**

Obria's free exercise argument fares no better. Obria do not contest that RCW 19.86.110 is a neutral law of general applicability—which means rational basis review applies. Instead, they argue the statute fits into one of the narrow exceptions subject to strict scrutiny. Not so.

Obria first argues that strict scrutiny applies based on their mistaken belief that the AGO treats Planned Parenthood's "secular" medical services more favorably than their "religiously

DEF.'S REPLY IN SUPP. OF MOT. TO DISMISS -- NO. 3:23-cv-06093-TMC

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

motivated medical services." Resp. at 27. But as discussed above, Planned Parenthood is not similarly situated. *Supra* at 9. Moreover, as the AGO established in its opening brief, the fact that an entity happens to be a religious organization does not exempt them from an investigation into a potential state-law violation. *Id.*; MTD at 24. In making comparisons between secular and religious activity, courts are "concerned with the risks various activities pose," and "not the reasons why people gather." *FCA*, 82 F.4th at 689 (internal quotations omitted). Thus, the State's neutral interest in enforcing the CPA and protecting Washington consumers negates this claim to strict scrutiny.

Nor do the CIDs evince religious hostility warranting strict scrutiny. *Cf. Olympus Spa v. Armstrong*, No. 22-cv-00340-BJR, 2023 WL 7496382, at *3 (W.D. Wash. Nov. 13, 2023) (arguments that AG had demonstrated "religious animus" because of other litigation against Christian organizations were "patently frivolous"); MTD at 21-22. Notwithstanding Obria's efforts to wedge themselves into this exception by mischaracterizing the AG's Yelp sign-on letter (Dkt. #23-3) and service of non-self-enforcing CIDs as "irrational"[9] and "an attack on Christians," Resp. at 28, the AG's efforts to "ensure the public is aware of what services are and are not offered at CPCs so that patients can get prompt access to reproductive healthcare," and to investigate potential CPA violations, simply do not reflect religious hostility. Dkt. #23-3 at 9 of 11.

And even if strict scrutiny did apply, Obria's claim would still fail because RCW 19.86.110 "advance[s] interests of the highest order" and are "narrowly tailored in pursuit of those interests." *FCA*, 82 F.4th at 685. The AG's authority to enforce the CPA through CIDs is compelling. *See United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950) ("[l]aw-enforcing agencies have a legitimate right to satisfy themselves that corporate behavior is consistent with the law and the public interest"). And RCW 19.86.110 is narrowly tailored and provides

---

[9] Obria cite to *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263 (1993), but religious freedom was not at issue in that case.

DEF.'S REPLY IN SUPP. OF MOT. TO DISMISS -- NO. 3:23-cv-06093-TMC

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1 procedural safeguards to ensure that investigations are justified and reasonable. *See generally*
2 RCW 19.86.110. Thus, Obria fail to state a Free Exercise claim.

### 5. Fourth Amendment

Finally, Obria's Fourth Amendment claim should be dismissed too.

As previously established, the CIDs fall well within the AGO's authority. MTD 30-31. Additionally, Obria fail to show that the CIDs here are unreasonable because they are too indefinite or seek irrelevant materials. *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1115 (9th Cir. 2012). Although they generally allege overbreadth, Obria provide no argument for *why* they believe the requests were overbroad apart from listing topics of information and documents sought by the CIDs. These barebones legal conclusions are insufficient. *Cf. F.D.I.C. v. Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997) (affirming enforcement of administrative subpoenas where challengers failed to enunciate why the subpoenas were overbroad).

Obria's remaining arguments fare no better. Their assertion that the Fourth Amendment requires an evidentiary basis for an administrative subpoena is wrong. *See Morton Salt*, 338 U.S. at 642-43 (an agency's investigative power is "more analogous to the grand jury, which…can investigate merely on suspicion that the law is being violated"). And Obria's reliance on inapposite cases, Resp. at 29-30, provide no support against dismissal. *See, e.g.*, *In re McVane*, 44 F.3d 1127, 1134 (2d Cir. 1995) (addressing evidentiary standard for administrative subpoenas addressed to individuals, rather than corporations); *Consumer Fin. Prot. Bureau v. Accrediting Council for Indep. Colleges & Schs.*, 854 F.3d 683 (D.C. Cir. 2017) (irrelevant to the Fourth Amendment); *Resol. Tr. Corp. v. Walde*, 18 F.3d 943 (D.C. Cir. 1994) (addressing inapposite standard). Thus, Obria's Fourth Amendment claim also fails.

### III. CONCLUSION

The Court should grant the Attorney General's Motion to Dismiss.

| | |
|---|---|
| 1 | DATED this 20th day of February 2024. |

ROBERT W. FERGUSON
Attorney General

*/s/ Lauryn Fraas*
LAURYN FRAAS, WSBA #53238
KENDALL SCOTT COWLES, WSBA #57919
ALEXIA DIORIO, WSBA #57280
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
Lauryn.Fraas@atg.wa.gov
Kendall.ScottCowles@atg.wa.gov
Alexia.Diorio@atg.wa.gov
*Attorneys for Defendant*

I certify that this memorandum contains 4,179 words, in compliance with Dkt. # 19.