IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| **OBRIA GROUP, INC., and MY CHOICES d/b/a OBRIA MEDICAL CLINICS PNW**,<br><br>*Plaintiffs,*<br><br>v.<br><br>**ROBERT FERGUSON**, in his official capacity as Attorney General for the State of Washington,<br><br>*Defendant(s).* | **MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**<br><br>No. 3:23-cv-06093-TMC<br><br>NOTE ON MOTION CALENDAR:<br><br>**April 12, 2024** |

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiffs Obria Group, Inc. and My Choices d/b/a Obria Medical Clinics PNW ("Plaintiffs") respectfully move the Court for leave to file a Supplemental Complaint (Ex. A) to add new information that is relevant to the Court's consideration of their Motion for Preliminary Injunction (Dkt. 4) and Attorney General Ferguson's Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. 21). Plaintiffs have attached to this motion their proposed First Supplemental Verified Complaint and a document showing a redline comparison of that pleading with the original

| | |
|---|---|
| PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT | ALLIANCE DEFENDING FREEDOM<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>(202) 393-8690 |

Verified Complaint filed in this matter. In the alternative, Plaintiffs seek leave to file a supplemental declaration concerning the proffered new facts insofar as they bear on the pending dispositive motions. The Attorney General has stated that he cannot consent to this motion at this time.

Plaintiffs have alleged speech, religious exercise, associational, and other harms from Attorney General Ferguson's unlawful civil investigative demands ("CIDs"). Plaintiffs now seek to file a supplemental complaint to add allegations regarding Obria PNW's recent denial of insurance coverage, which add to and compound the existing harms in this case. On March 21, 2024, Obria PNW received notice that its insurance agency is presently unable to secure an underwriter to renew and extend an essential insurance policy as a direct result of Attorney General Ferguson's CIDs. Obria PNW is actively working to obtain alternative coverage.

These new sworn allegations are directly relevant to the pending motions before this Court, both of which concern the legal harms that Plaintiffs have suffered as a result of the CIDs. The loss of insurance coverage because of Attorney General Ferguson's unlawful demands constitutes "legally cognizable harm" likely to be redressed by an order from this Court enjoining enforcement of the CIDs. *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1178 n.3 (9th Cir. 2022). "A number of courts have found plaintiffs to have standing under analogous circumstances" where the plaintiff lost insurance coverage due to the defendant's challenged action. *Roll v. Enhanced Recovery Co., LLC*, 2021 WL 7501160, at *3 (M.D. Fla. Nov. 10, 2021) (collecting cases), *report and recommendation adopted*, 2021 WL 7501164 (M.D. Fla. Dec. 17, 2021). Notably, both the Ninth Circuit and other courts in this District have recognized in other litigation against the State of Washington that a loss of insurance coverage due to state action is an Article III injury. *Cedar Park Assembly of God of Kirkland, Washington v. Kreidler*, 860 F. App'x 542, 543 (9th Cir. 2021); *Cedar Park*

PLAINTIFFS' MOTION FOR LEAVE TO FILE
SUPPLEMENTAL COMPLAINT

ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690

*Assembly of God of Kirkland, Washington v. Kreidler*, 673 F. Supp. 3d 1169, 1179 (W.D. Wash. 2023).

Permitting Plaintiffs to file this supplemental complaint is warranted under Rule 15(d), which provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "[I]ts use is favored as a tool of judicial economy and convenience," and it is liberally construed to allow supplementation unless the opposing party will be unduly prejudiced. *Dominguez v. Isip*, No. C08-1581-JCC, 2009 WL 1175317, at *1 (W.D. Wash. May 1, 2009) (internal quotations and citations omitted); *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986). Motions to file supplemental pleadings "are to be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other parties to the action." *Powell v. IRS*, 263 F. Supp. 3d 5, 7 (D.D.C. 2017) (quoting *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006)).

Consistent with this lenient standard, the Court should grant Plaintiffs leave to file a supplemental complaint to add facts regarding Obria PNW's denial of vital insurance coverage resulting from Attorney General Ferguson's CIDs. Doing so will serve judicial convenience by promoting a fair disposition of the pending dispositive motions. Plaintiffs' supplemental complaint will not cause trial inconvenience because dispositive motions have yet to be ruled on. To the extent the supplemental complaint causes any minor delay in this Court's ruling on the dispositive motions, such as by allowing a reasonable schedule for Attorney General Ferguson to respond, such delay is warranted to ensure all relevant facts are considered and judicial

economy is served. Attorney General Ferguson will not be unduly prejudiced by the addition of facts to the record that bear on active legal questions and that result naturally and directly from his unlawful issuance of the instant CIDs. Plaintiffs have moved with all speed in informing the Court and Attorney General Ferguson of the proffered supplemental facts. Plaintiffs filed their Notice of Supplemental Information on March 22, 2024—one day after Obria PNW received notice that its coverage would not be renewed.

On March 26, 2024, Plaintiffs sought Attorney General Ferguson's consent to supplement their Complaint. Without providing his position on the motion, Attorney General Ferguson requested copies of Obria PNW's insurance application and notice of declination. Plaintiffs declined to provide those materials prior to discovery in this action since they do not bear on whether Plaintiffs should be entitled to assert these allegations in a supplemental pleading and because Plaintiffs' past disclosures of relationships with third parties has resulted in Attorney General Ferguson expanding his investigation to those third parties. Plaintiffs declined to disclose these documents until discovery, but proposed that Attorney General Ferguson consent to the supplementation, subject to his right to respond. Nevertheless, the Attorney General stated that he cannot consent to this motion at this time.

Thus, consistent with Federal Rule of Civil Procedure 15(d) and to serve judicial economy, Plaintiffs respectfully request that the Court grant leave to file the attached Supplemental Complaint, or, in the alternative, grant leave to file a supplemental declaration concerning the proffered new facts insofar as they bear on the pending dispositive motions.

Respectfully submitted this 28th day of March, 2024.

|   |   |
|---|---|
| 1 | */s/ Lincoln Davis Wilson* |
| 2 | Kristen K. Waggoner, Wa. Bar No. 27790 |
|   | Lincoln Davis Wilson, Wa. Bar No. 53764 |
| 3 | Timothy A. Garrison, Mo. Bar No. 51033* |
| 4 | ALLIANCE DEFENDING FREEDOM |
|   | 440 First Street NW, Suite 600 |
| 5 | Washington, DC 20001 |
|   | Telephone: (202) 393-8690 |
| 6 | Facsimile: (202) 347-3622 |
|   | kwaggoner@ADFLegal.org |
| 7 | lwilson@ADFLegal.org |
|   | tgarrison@ADFLegal.org |

Nathaniel L. Taylor, Wa. Bar No. 27174
Abigail St. Hilaire, Wa. Bar No. 48194
ELLIS, LI & MCKINSTRY PLLC
1700 7th Ave Suite 1810
Seattle, WA 98101
Telephone: 206-682-0565
ntaylor@elmlaw.com
asthilaire@elmlaw.com

*Counsel for Plaintiffs*
*\*Admitted Pro Hac Vice*

PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690

**CERTIFICATE OF SERVICE**

I certify that on March 28, 2024, I caused a true and correct copy of the foregoing document to be served via ECF upon all counsel of record.

DATED: March 28, 2024.                    */s/ Lincoln Davis Wilson*
                                           Lincoln Davis Wilson