1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| **OBRIA GROUP, INC., and MY CHOICES d/b/a OBRIA MEDICAL CLINICS PNW**, <br><br> *Plaintiffs,* <br><br> v. <br><br> **ROBERT FERGUSON**, in his official capacity as Attorney General for the State of Washington, <br><br> *Defendant(s).* | No. 3:23-cv-06093-TMC <br><br> **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** <br><br> NOTE ON MOTION CALENDAR: <br><br> **April 12, 2024** |

# INTRODUCTION

AG Ferguson says allegations that his unlawful CIDs have caused a small nonprofit to lose insurance coverage are "a case in search of a controversy" and that it would be futile to allow a plaintiff to even make them. Resp. at 1. This is meritless. All that Rule 8 requires is a "short and plain" statement of facts supporting jurisdiction, and a "plausible allegation" supporting it suffices. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Even assuming that the futility standard applies to new jurisdictional allegations, the Supplemental Complaint amply meets it—the Ninth Circuit has already rejected AG Ferguson's argument that a loss of insurance coverage is not an injury, *Cedar Park Assembly of God of Kirkland, Wash. v. Kreidler*, 860 F. App'x 542, 543 (9th Cir. 2021), and his arguments that Obria PNW has not pled causation of that injury here do not withstand scrutiny. Nor can the Court accept his invitation to punt its "virtually unflagging" obligation "to hear and decide cases within [its] jurisdiction" on grounds of prudential ripeness. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014).

Rather than showing futility, AG Ferguson's opposition underscores that the new allegations establish standing under controlling precedent. The Court should grant leave to file the supplemental complaint, treat AG Ferguson's opposition as a motion to dismiss for lack of jurisdiction, and deny that motion.

# ARGUMENT

District courts "shall grant leave to amend freely when justice so requires," a standard that "is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (cleaned up). AG Ferguson's only objection to Plaintiffs' motion is that the Supplemental Complaint is supposedly futile because he says it cannot establish jurisdiction. But AG Ferguson does not cite any case that denied amendment or supplementation on the ground that it was *jurisdictionally* futile—indeed, refusing to entertain jurisdictional allegations would

| PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT. NO. 3:23-CV-06093-TMC | 2 | ALLIANCE DEFENDING FREEDOM<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>(202) 393-8690 |

conflict with the Court's "continuing obligation to assess jurisdiction." *Humanitarian L. Project v. U.S. Treasury Dep't*, 578 F.3d 1133, 1141 n.6 (9th Cir. 2009). Plus, "denial of leave to amend for futility is disfavored since courts typically defer consideration on the merits until *after* an amended pleading has been filed." *Dumke v. Southside Realty Invs., LLC*, No. 20-CV-0935-GPC-LL, 2021 WL 230036, at *4 (S.D. Cal. Jan. 22, 2021) (emphasis added); *accord Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). The Obria Ministry offered AG Ferguson that opportunity here, but he chose to oppose the filing of a new pleading.

Nevertheless, even if the futility standard applied, AG Ferguson falls far short of it. Instead, the Obria Ministry's new allegations conclusively establish standing. Because AG Ferguson has already mounted his jurisdictional challenge to those allegations, the Court should allow the Supplemental Complaint and find that it establishes jurisdiction.

I. **The Supplemental Complaint alleges standing.**

The original complaint in this matter amply establishes standing under controlling precedent. *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1178 n.3 (9th Cir. 2022); *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2388 (2021); *Fed. Trade Comm'n v. Am. Tobacco Co.*, 264 U.S. 298, 305–06 (1924). But even putting that aside, Obria PNW's new allegations are independently sufficient to meet that standard.

A. **The new factual allegations show injury in fact.**

AG Ferguson says the new factual allegations do not demonstrate injury in fact because they only show "a *possibility* of future harm." Resp. at 5. This is wrong for two reasons.

*First*, AG Ferguson entirely ignores the central harm stated in the Supplemental Complaint—that Obria PNW was denied a renewal of insurance coverage because of Defendant's CIDs, Suppl. Compl. ¶¶ 126–27, which is a present injury. That alone is sufficient to demonstrate injury in fact. *See Cedar Park*, 860 F.

| PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT. NO. 3:23-CV-06093-TMC | 3 | ALLIANCE DEFENDING FREEDOM 440 First Street NW, Suite 600 Washington, DC 20001 (202) 393-8690 |

Case 3:23-cv-06093-TMC   Document 35   Filed 04/12/24   Page 4 of 9

App'x at 543; *Roll v. Enhanced Recovery Co.*, LLC, 2021 WL 7501160, at *3 (M.D. Fla. Nov. 10, 2021), *report and recommendation adopted*, 2021 WL 7501164 (M.D. Fla. Dec. 17, 2021). One who challenges CIDs under Ninth Circuit precedent need only show "cognizable harm" apart from the CIDs enforcement. *Twitter*, 56 F.4th at 1178 n.3. And allegations that an insurer "stopped offering a plan" because of the CIDs and the plaintiff "could not procure comparable replacement coverage" are "sufficient to state an injury in fact that is fairly traceable" to the CIDs. *Cedar Park*, 860 F. App'x at 543. Plainly, losing your insurance is cognizable harm.

*Second*, that Obria PNW will be forced to pay higher premiums going forward is an imminent injury supporting standing. AG Ferguson characterizes this harm as a "vague possibility" rather than an "actual or imminent" injury. Resp. at 5–6. But that's not right; Plaintiffs state that, even if they do obtain insurance coverage, the cost will likely be "multiple times higher" than the price prior to the CIDs, Suppl. Compl. ¶ 128, thus demonstrating a "substantial risk that the harm will occur." *S.B.A. List*, 573 U.S. at 158. And this risk isn't raised in an "unknown context" as AG Ferguson alleges. Resp. at 5. Rather, it is Obria PNW's own insurance agency that has provided these warnings. Suppl. Compl. ¶ 128. A particularized factual allegation about a specific statement by a professional with expertise in insurance is more than enough to support a plausible inference that the Obria Ministry will face an increase in its insurance burden. *Dart Cherokee*, 574 U.S. at 89. AG Ferguson's charge to the contrary is not credible.

**B.    The new factual allegations show causation and redressability.**

Obria PNW amply alleged causation and redressability. Its insurance application truthfully disclosed the current pending investigation, which it learned about from the CIDs. Supp. Compl. ¶ 124. Obria PNW's insurance agency cited this disclosure as the reason for its failure to secure an underwriter to renew and extend

its essential insurance. *Id.* ¶¶ 126, 128. So the denial of coverage and resulting additional injuries are readily traceable to the CIDs.

And as to redressability, contrary to AG Ferguson's argument, *see* Resp. at 6, it is quite easy to infer that a court order lifting the cloud of his unlawful CIDs would materially change an insurer's appreciation of risk, and thus reduce future premiums. It is plausible to infer that underwriters who would otherwise reject Obria PNW's application because of the pending CIDs would grant it if those CIDs were enjoined. That need not be perfect or complete relief to satisfy standing—even if Obria PNW's new premiums ultimately remain higher than before, it is reasonable to infer they would be lower without the taint of the CIDs. *See Larson v. Valente*, 456 U.S. 228, 243 n.15 (1982) (stating plaintiffs "need not show that a favorable decision will relieve [their] *every* injury"); *Duke Power Co. v. Carolina Env't Study Grp., Inc.*, 438 U.S. 59, 74–75 (1978) (requiring but a "substantial likelihood" of relief); *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021) (holding sufficient a favorable ruling that will "effectuate a partial remedy"). Standing is plainly met here, just like in *Cedar Park*.

AG Ferguson attempts to distinguish *Cedar Park* and *Roll* on the grounds that, unlike that case, "there is no state law or action that prohibits Obria PNW's underwriter. . . from providing the type of insurance Obria PNW seeks." Resp. at 9. But that is not correct—Obria PNW has been unable to obtain a necessary insurance policy because of state action in the form of AG Ferguson's CIDs. Suppl. Compl. ¶ 126. It doesn't matter that AG Ferguson did not *mandate* the insurer to deny a renewal; the important thing is that the insurer denied a renewal *because of* AG Ferguson's actions. Because the insurer's action in denying coverage is a "predictable effect of Government action," it is properly included as part of the causation analysis. *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2566 (2019). Thus, the Ministry's harm is directly traceable to AG Ferguson's actions, and standing is satisfied.

| PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT. NO. 3:23-CV-06093-TMC | 5 | ALLIANCE DEFENDING FREEDOM 440 First Street NW, Suite 600 Washington, DC 20001 (202) 393-8690 |

AG Ferguson also disputes causation because he says enjoining the CIDs "does not preclude the AGO from investigating Obria or bringing a CPA enforcement action against the Plaintiffs." Resp. at 6. Not so. If the Court rules that he served CIDs under that WCPA in violation of the First, Fourth, and Fourteenth Amendments he plainly cannot pursue an investigation against the Obria Ministry either. The same problems of selective enforcement and retaliation that doom the CIDs necessarily impugn the inchoate investigation of which they were a part. And AG Ferguson's reference to *future* investigations, untethered to the current CIDs, also is a non sequitur—this case is about the harm from his current investigation and CIDs, which the insurance agency itself identified as the reason for non-renewal.

## II. Prudential ripeness is no ground to deny supplementation.

Last, AG Ferguson argues that even if standing is met, the Court should invoke "prudential ripeness" to prohibit the Obria Ministry from alleging that his actions have caused a loss of insurance coverage. At the outset, the Supreme Court has questioned the validity of that doctrine—whether courts can deem "claims nonjusticiable on grounds that are prudential, rather than constitutional," in light of the "virtually unflagging" duty of a court "to hear and decide cases within its jurisdiction." *S.B.A. List*, 573 U.S. at 167 (cleaned up). And there are even more questions of whether prudential ripeness, if it is valid, can justify denying leave to supplement as futile (AG Ferguson cites no case saying that it can). Still, even assuming his premises, prudential ripeness cannot justify denial of leave to supplement here.

Prudential ripeness is inapposite for a very simple reason: AG Ferguson has already acknowledged that this case would be ripe in state court. His briefing has repeatedly urged that the validity of the CIDs be litigated in state court—whether in an action at his initiation or at the Ministry's—where he says that the Obria Ministry can raise its constitutional objections. Dkt. 21 at 8, 14, 32, 33. So if those objections

can be raised in state court, then they are plainly ripe for litigation now, and AG Ferguson's objection is not one of ripeness but of forum—he would prefer that a state-court venue of his choosing, not this Court, decide whether his actions satisfy the dictates of the federal Constitution. "Ripeness" is not the right doctrine for his request to get his chosen forum in an action filed by another.

Plus, the Attorney General's proposal that the objections to the CIDs be litigated in state court as a matter of "prudential ripeness" is the same "Catch-22" that the Supreme Court of the United States has rejected as an improper "preclusion trap." *Knick v. Scott Township*, 588 U.S. 180, 182 (2019). In *Knick*, the court considered a purported rule of "prudential ripeness" that would require section 1983 takings plaintiffs to litigate first in state court before going to federal court. *Id.* at 184, 204. But that rule had "unanticipated consequences": state-court litigation precluded the federal claims, thus "hand[ing] authority over federal takings claims to state courts." *Id.* at 188-89. The Supreme Court held that this "ripeness" rationale obscured the error of "effectively establish[ing] an exhaustion requirement" for section 1983 claims. *Id.* at 194. The same is true here: if prudential ripeness requires the Obria Ministry to first litigate in state court, its federal claims will be precluded, thus violating the "guarantee of a federal forum" in section 1983. *Id.* at 185. The Court should reject that understanding of jurisdiction for the same reasons as in *Knick*.

## CONCLUSION

The Court should grant leave to file a supplemental complaint, treat AG Ferguson's opposition as a motion to dismiss it for lack of jurisdiction, and deny that motion.

\* \* \* \*

I certify that this memorandum contains 1,955 words, in compliance with the Local Civil Rules.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT. NO. 3:23-CV-06093-TMC

7

ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690

Respectfully submitted this 12th day of April, 2024.

/s/ *Lincoln Davis Wilson*
Kristen K. Waggoner, Wa. Bar No. 27790
Lincoln Davis Wilson, Wa. Bar No. 53764
Timothy A. Garrison, Mo. Bar No. 51033*
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
kwaggoner@ADFLegal.org
lwilson@ADFLegal.org
tgarrison@ADFLegal.org

Nathaniel L. Taylor, Wa. Bar No. 27174
Abigail St. Hilaire, Wa. Bar No. 48194
ELLIS, LI & MCKINSTRY PLLC
1700 7th Ave Suite 1810
Seattle, WA 98101
Telephone: 206-682-0565
ntaylor@elmlaw.com
asthilaire@elmlaw.com

*Counsel for Plaintiffs*
**Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

    I certify that on April 12, 2024, I filed the foregoing document via ECF, which will cause notice of same to be served upon all counsel of record.

DATED: April 12, 2024                               */s/ Lincoln Davis Wilson*
                                                                        Lincoln Davis Wilson