1

2

3

4

5

6

7

8

The Honorable Tiffany M. Cartwright

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

9

10

11

12

13

14

15

OBRIA GROUP, INC. and MY CHOICES
d/b/a OBRIA MEDICAL CLINICS PNW,

Plaintiffs,

v.

ROBERT FERGUSON, in his official
capacity as Attorney General for the State
of Washington,

Defendant.

NO. 3:23-cv-06093-TMC

DEFENDANT'S MOTION FOR
CONTINUANCE PURSUANT TO
FEDERAL RULE OF CIVIL
PROCEDURE 56(d) AND FOR
LEAVE TO TAKE LIMITED
DISCOVERY

NOTED FOR: SEPTEMBER 18,
2024

16

17

18

19

20

21

22

23

24

25

26

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................. 2

III.   LEGAL STANDARD ......................................................................................... 4

IV.    ARGUMENT ...................................................................................................... 5

    A.   The AGO's Motion is Timely .................................................................. 5

    B.   The AGO Identifies Specific and Relevant Information Essential to its
        Opposition ................................................................................................ 6

        1.   Insurance ...................................................................................... 7

        2.   Chilled speech .............................................................................. 8

            a.   Website ............................................................................ 8

            b.   Public statements ............................................................ 9

            c.   Brochure ........................................................................ 10

        3.   Associational harm .................................................................... 10

    C.   The AGO Has Good Reason to Believe the Information It Seeks Exists ............... 11

    D.   The AGO Has Not Yet Had an Opportunity to Conduct Discovery ....................... 12

    E.   The AGO Seeks Leave to Complete Briefing on its Pending Motion to
        Dismiss .................................................................................................. 12

V.     CONCLUSION ................................................................................................. 12

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

i

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56(d), the Attorney General respectfully requests a continuance of summary judgment briefing to give it an opportunity to take discovery on three core factual issues Plaintiffs (collectively, Obria) raise in their summary judgment motion. Obria's motion rests almost entirely on self-serving and hearsay testimony the Attorney General's Office (AGO) has never had an opportunity to test through discovery. As a result, the AGO finds itself in the impossible position of responding to Obria's motion for summary judgment without ever having had the opportunity to discover and test the core factual allegations that Obria rely on in their motion. In particular, Obria depend heavily on the sworn testimony of Janice "River" Sussman (who verified their Third Supplemental Complaint), a witness the AGO has not deposed. Obria's supporting declarations are likewise filled with hearsay, second-hand, and even third-hand accounts from witnesses who have not been identified, let alone deposed. The motion also relies on incomplete and redacted exhibits which the AGO has had no opportunity to scrutinize or question. Because of the significant informational asymmetries at this pre-discovery phase of the case, the AGO cannot fully or fairly respond to Obria's key factual premises. Accordingly, the AGO seeks a continuance to take limited discovery on three disputed topics necessary to respond to Obria's motion.

First, the AGO needs to take discovery on Obria's purported injury from a change in their insurance. Obria's declaration attempting to substantiate this claim is accompanied by highly redacted exhibits with missing attachments, and these documents raise more questions than they answer. Obria have previously rebuffed the AGO's efforts to obtain informal discovery on this issue, refusing to provide any materials until discovery. The AGO should be permitted to take discovery into that issue now. Second, the AGO needs discovery on Obria's self-serving claim that the AGO's investigation chilled their speech, particularly given the evidence the AGO submitted on this issue in support of their Rule 12(b)(1) motion. And third, the AGO needs discovery to interrogate Obria's conclusory and self-serving allegations of associational harm.

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   Obria assert the AGO's investigation has harmed their relationship with vendors, but this claim

2   rests entirely on hearsay, which the AGO has had no opportunity to probe.  Rule 56(d) motions

3   are granted "almost as a matter of course" when discovery has not yet been completed.

4   *Burlington N. Santa Fe R. R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d

5   767, 773-74 (9th Cir. 2003). Here, *no* opportunity for discovery has occurred at all. Accordingly,

6   this Court should grant the AGO's Rule 56(d) motion and continue the summary judgment

7   briefing schedule in this case to allow the AGO to conduct limited discovery for its response.

8                          **II.      BACKGROUND**

9           More than two years ago, the AGO issued non-self-enforcing CIDs to Obria seeking

10  information about potential CPA violations from the marketing of services to Washington

11  consumers. Dkt. #43 (Third Compl.) ¶¶ 101-02. Obria voluntarily provided interrogatory

12  responses and made several document productions, *id.* ¶¶ 109-10, 114-16, the last of which was

13  in June 2023. After that time, the AGO made no further requests. *See generally id.*

14          Despite nearly six months of silence from the AGO and no indication that further

15  information was needed, Obria filed this lawsuit seeking a preliminary injunction enjoining any

16  future hypothetical enforcement of the May 2022 CIDs, a final injunction granting the same

17  relief, and a declaration that the CIDs violate Obria's constitutional rights. Dkt. #1 ¶¶ A-C. The

18  AGO moved to dismiss, and the parties completed briefing and oral argument in February 2024.

19          On March 22, 2024, with the parties' motions still pending, Obria filed a Notice of

20  Supplemental Information, stating that "Obria PNW received notice that its insurance agency is

21  presently unable to secure an underwriter to renew and extend an essential insurance policy"

22  purportedly due to Obria's disclosure of the AGO's nearly two-year-old CIDs. *See* Dkt. #32 at

23  1. On March 28, Obria moved for leave to file a supplemental complaint alleging that their

24  insurance changes were "a direct result of Attorney General Ferguson's CIDs." Dkt. #33 at 2.

25  To better understand Obria's new insurance-related allegations, the AGO requested more

26  information. *See id.* But "Plaintiffs declined to provide those materials prior to discovery in this

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    action." *Id.* at 4.

2           While the AGO's opposition to supplementation was pending, Obria's counsel moved a

3    second time to supplement the Complaint with additional insurance allegations, specifically that

4    "Obria PNW's insurance agency ultimately obtained replacement coverage through a different

5    underwriter, but, because of the pendency of Defendant's CIDs, it was at a cost more than seven

6    times higher than the premiums for the same insurance coverage prior to the commencement of

7    Defendant's investigation." *See* Dkt. #36-1. In response to Obria's purported dilemma, the AGO

8    provided Obria with a letter advising that it had closed the investigation and the related CIDs

9    even though it was not the AGO's standard procedure. Dkt. #38-1.

10          On June 21, 2024, Obria filed their Third Supplemental Verified Complaint, adding the

11   new insurance allegations and removing three claims. Dkt. #43 (Third Compl.). The AGO, again,

12   moved to dismiss. Dkt. #44. On August 26, 2024, Obria filed their response to the AGO's motion

13   to dismiss and a motion for summary judgment and permanent injunction. Dkt. #46.

14          Having reviewed Obria's motion for summary judgment, the AGO now seeks leave of

15   the Court to take limited discovery in order to respond to Obria's motion. Pertinent here, the

16   AGO has not yet answered the Complaint, the parties have not yet conferred pursuant to

17   Rule 26(f), and the Court has not entered any deadlines for discovery. *See* Fed. R. Civ. P.

18   26(d)(1) (generally prohibiting parties from "seek[ing] discovery from any source before the

19   parties have conferred as required by Rule 26(f)"). And, as noted above, Obria previously

20   rebuffed the AGO's attempt to obtain informal discovery. Dkt. #33 at 4. Further, the AGO

21   previously advised the Court that it believed discovery might be necessary in order for it to

22   respond to a pre-discovery motion for summary judgment. Dkt. #41 at 3-4. In sum, having not

23   yet had the opportunity to take *any* discovery from Obria, the AGO now seeks leave to take

24   limited discovery into three issues before responding to Obria's summary judgment motion.

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.    LEGAL STANDARD

Rule 56(d) protects litigants from being "railroaded" by a "premature motion for summary judgment" when the "nonmoving party has not had an opportunity to make full discovery." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *see also Volvo Constr. Equip. N. Am., LLC v. Clyde/W., Inc.*, No. C14-0534JLR, 2014 WL 5365454, at *2 (W.D. Wash. Oct. 20, 2014) ("Rule 56(d) 'provides a device for litigants to avoid summary judgment'" without "sufficient time to develop affirmative evidence." (quotation omitted)). To move under Rule 56(d), an opposing party must show "'by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition,' at which point the Court may defer or deny the motion for summary judgment, allow time for discovery, or take any other appropriate action." *Gardner v. Clark*, No. C22-1589-RAJ, 2024 WL 278930, at *1 (W.D. Wash. Jan. 25, 2024) (quoting Rule 56(d)). To prevail, the opposing party "must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emps. Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quotation omitted). However, the "specificity requirement is premised on some discovery having taken place." *Head v. Wilkie*, 784 F. App'x 503, 506 (9th Cir. 2019).

Rule 56(d) relief is generously granted where, as here, a summary judgment motion is filed "'before a party has had any realistic opportunity to pursue discovery relating to [its] theory of the case.'" *Id.* (quotation omitted); *see also Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery…the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'" (quotation omitted)). Indeed, unless the party requesting a continuance "has not diligently pursued discovery of the evidence," their request

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    "should be granted almost as a matter of course." *Ark L. Grp. v. Arch Ins. Co.*, No. C22-0504JLR,

2    2023 WL 2138303, at *3 (W.D. Wash. Feb. 21, 2023) (quoting *Burlington*, 323 F.3d at 773-74).

### IV.    ARGUMENT

4         Pursuant to Rule 56(d), the AGO seeks a brief continuance of the summary judgment

5    briefing schedule to allow the AGO to take limited discovery into three topics: (1) Obria PNW's

6    purported insurance-related harm; (2) Obria's claims of chilled speech; and (3) Obria PNW's

7    claims of associational injury. Because the AGO is timely requesting specific relevant

8    information that is essential to meaningfully respond to Obria's motion for summary judgment

9    and has a reasonable basis for believing such information exists, this Court should grant the

10   AGO's motion as a "matter of course." *Burlington*, 323 F.3d at 773-74.

11   ### A.    The AGO's Motion is Timely

12        First, the AGO's Rule 56(d) motion is timely. The AGO brings this motion just over one

13   week after receiving Obria's motion for summary judgment. *See, e.g.*, *Ark Law Group*, 2023 WL

14   2138303, at *4 (56(d) motion timely when filed one week after summary judgment motion);

15   *Volvo Constr. Equip.*, 2014 WL 5365454, at *4 (same); *see also IVC Highlands TT, LLC v.*

16   *DirectBuy, Inc.*, No. C16-0327RAJ, 2016 WL 3690127, at *2 (W.D. Wash. July 12, 2016) (56(d)

17   motion timely when "filed within the time Defendant had to oppose the summary judgment

18   motion").

19        More importantly, the AGO's motion is timely in the scope of this litigation because it

20   is brought before *any* discovery has occurred in this case, and in fact before any discovery was

21   even permitted by rule, much less the close of discovery. *See Ark Law Group*, 2023 WL 2138303,

22   at *4 (56(d) motion timely when filed six months before discovery cutoff); *Atigeo LLC v.*

23   *Offshore Ltd. D*, No. C13-1694JLR, 2014 WL 1494062, at *3 (W.D. Wash. Apr. 16, 2014)

24   (timely when filed seven months before discovery cutoff); *Volvo Cons. Equip.*, 2014 WL

25   5365454, at *4 (timely when brought months before discovery cutoff).

26

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

In fact, "[s]ummary judgment is generally premature before the entry of a scheduling order." *Ejonga v. Strange*, No. 2:21-cv-01004-RJB-JRC, 2021 WL 6274743, at *1 (W.D. Wash. Nov. 24, 2021*), report and recommendation adopted*, No. 21-1004 RJB-JRC, 2022 WL 37649 (W.D. Wash. Jan. 4, 2022) (citation omitted); *see also Head*, 784 F. App'x at 506 (summary judgment premature without discovery where "district court ordered briefing on summary judgment immediately upon denying the third motion to dismiss" and before "initial disclosures or…a Rule 26(f) conference"); *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) ("[S]ummary judgment is disfavored where relevant evidence remains to be discovered"). This is for good reason—"lightning-quick summary judgment motions can impede informed resolution of fact-specific disputes." *Burlington*, 323 F.3d at 774; *see also Associated Indus. Ins. Co., Inc. v. Cole Wathen Leid Hall, P.C.*, 2020 WL 3605589, *2 (W.D. Wash. July 2, 2020) ("Ninth Circuit precedent counsels against granting such motions if the party opposing summary judgment has not had an opportunity to pursue discovery"); *Ozone Int'l, LLC v. Wheatsheaf Grp. Ltd.*, 2020 WL 2199505, *2-3 (W.D. Wash. May 6, 2020) (denying motion for summary judgment filed before "opportunity to obtain *any* discovery" even where dispute of material fact was not readily apparent; noting although the motion was "technically permissible under the federal rules," Ninth Circuit precedent counsels against granting such pre-discovery motions).

Here, it is undisputed that the AGO has had no opportunity to take discovery regarding Obria's factual allegations, depose their sole declarant and complaint-verifier, or obtain relevant documents and information from them or third parties. *See* Fed. R. Civ. P. 26(f)(1). Thus, the AGO's request to do so now, just one week after Obria filed their motion for summary judgment, is timely.

## B.     The AGO Identifies Specific and Relevant Information Essential to its Opposition

In addition to timeliness, a motion under Rule 56(d) must specifically identify relevant information, though the "specificity requirement is premised on some discovery having taken place." *Wilkie*, 784 F. App'x at 506; *see also Burlington*, 323 F.3d at 774 (where "no discovery

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

whatsoever has taken place, the [non-moving party]…cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information"). The AGO nevertheless identifies three specific and relevant categories of information it seeks to discover: (1) Obria PNW's purported insurance-related harm; (2) Obria's claims of chilled speech; and (3) Obria PNW's claims of associational injury with their web-based vendors. Information on each of these issues is essential for the AGO to meaningfully respond to Obria's motion for summary judgment.

1.      **Insurance**

First, the AGO seeks to discover information about Obria's purported insurance harm. Obria include facts and exhibits in Janice "River" Sussman's Second Declaration (Second Sussman Decl.), but this declaration is flawed for several reasons: it contains unsupported hearsay, it redacts important and essential information from the limited included exhibits, and the handpicked exhibits included are incomplete. *See* Fraas Decl. in Support of Rule 56(d) Mot. (Third Fraas Decl.) ¶ 11 (identifying deficiencies in Sussman's Declaration). Accordingly, the AGO seeks to conduct discovery into, among other things, the contract language of Obria PNW's prior and current insurance policies; information into what steps, if any, Obria PNW took to alert its prior insurer of the AGO's CIDs at the time it received them in 2022; unredacted and full communications between Obria PNW and its insurance broker regarding its March 2024 insurance renewal; unredacted and full communications between Obria PNW's insurance broker and the various insurers it communicated with regarding Obria PNW's insurance quotes; discovery into what impact, if any, Obria PNW's decision to file its own litigation had on its insurance rate; and discovery into what impact, if any, the CIDs had on Obria's insurance rates. *Id.* ¶ 12.

This information is essential to the AGO's opposition because it is directly relevant to refuting Obria's standing argument. *See* Dkt. #46 at 17 (relying on Obria PNW's insurance increase to demonstrate injury-in-fact). To be clear, the AGO maintains its position that Obria

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   have not demonstrated standing as a matter of law, but at the summary judgment stage, a

2   complete factual record is imperative (and this evidence can also be considered by the Court for

3   purposes of resolving the AGO's pending 12(b)(1) motion). These facts are also relevant to the

4   AGO's argument that a permanent injunction in this case would not redress Obria PNW's alleged

5   insurance injury. *See* Dkt. #44 at 17-18. Finally, this information is relevant to the AGO's

6   argument that its investigation did not cause Obria PNW's insurance increase—especially if

7   Obria PNW was required to timely notify its insurer of a pending CID, and did not do so. *See id.*

8   at 14-17. Simply put, to meaningfully respond to Obria's factual allegations on this issue, the

9   AGO must have more information regarding why Obria's insurer declined their coverage and

10  the AGO should not be required to rely on Ms. Sussman's declaration based on hearsay and her

11  redacted and incomplete exhibits. Thus, this Court should give the AGO the opportunity to

12  discover crucial factual information related to Obria's alleged insurance-related harm before

13  responding to Obria's motion for summary judgment.

14          **2.      Chilled speech**

15          Second, the AGO seeks leave to discover specific and relevant information to respond to

16  Obria's allegations of chilled speech. Third Fraas Decl. ¶¶ 13-15. Relying only on their verified

17  complaint, Obria contend in their motion for summary judgment that "[t]he record shows the

18  CID 'actually chilled' the Obria Clinics' speech." Dkt. #46 at 28. To support this "actual chill"

19  assertion, Obria identify three things: (i) Obria PNW's decision to stop hosting its own website

20  and move to the Obria national website; (ii) Obria PNW's decision to purportedly not make

21  public statements on APR; and (iii) Obria's decision to not publish a brochure on APR.

22  Discovery on these issues is essential for the AGO to meaningfully respond to Obria's self-

23  serving assertions of First Amendment chill and associational harm. *Id.*

24          **a.      Website**

25          Obria PNW claims that "'in an effort to limit [its] potential exposure to reprisal from [the

26  Attorney General] for advertising [its] services, including APR, Obria PNW has discontinued

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   operating its own website' and 'instead relies upon the Obria Group to host a website listing its
2   services." Dkt. #46 at 28, 29 (relying on Third Compl. ¶¶ 121-22). The AGO has never had the
3   opportunity to seek information related to this factual assertion. This matters because the AGO
4   presented evidence from Obria's own website indicating that having affiliates (like Obria PNW)
5   use the national Obria website was part of a coordinated "digital outreach strategy." This raises
6   a factual issue as to whether Obria PNW's website was changed in response to the AGO's
7   investigation or as a strategic business decision. Dkt. #45-5 at 3; *see also* Third Fraas Decl. ¶ 14.
8   The AGO is entitled, therefore, to seek discovery on this issue.

9       Obria's website also relates to Obria PNW's claim of associational harm because Obria
10  claim that "[a]s a result of outsourcing their website needs to the Obria Group, Obria PNW has
11  reduced or eliminated its contracts with vendors who provide their website hosting, search
12  engine optimization, and other marketing-related services." Third Compl. ¶ 123. Thus, discovery
13  into why Obria PNW decided to move to the Obria national website and whether and how Obria
14  PNW is part of Obria's "digital outreach strategy" may enable the AGO to establish that Obria
15  PNW chose to change its relationship with its web-related vendors for business reasons, not
16  because of associational harm.

17          **b.    Public statements**

18      Similarly, the AGO needs discovery regarding Obria PNW's statement that "as a direct
19  result of AG Ferguson's investigation, Obria PNW 'has not made any further public statements
20  about APR due to fear of reprisal' from the Attorney General" and that it "stopped making certain
21  speech and declined to speak more because of the Attorney General's investigation." Dkt. #46
22  at 28-29; *see also* Third Fraas Decl. ¶ 15. The AGO should be given the opportunity to seek
23  discovery on this issue, especially since the AGO presented evidence that Obria Group—who
24  also received a CID—has continued to speak publicly about APR on its website, and that Obria
25  PNW decided to affiliate with this website. *See* Dkt. #45-4. While Obria contend in their motion
26  for summary judgment that "the statements Obria PNW is making now via the national website

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   are not the same statements that it made before (and now abandoned) on its own website," Dkt.

2   #46 at 29 (citing Third Compl. ¶¶ 118-22), the evidence cited by Obria PNW contains no

3   information on this issue. The AGO needs to be able to gather this evidence to meaningfully

4   respond to Obria PNW's "sworn averments" of chilled speech. Dkt. #46 at 29.

5                   **c.   Brochure**

6           The AGO also needs discovery on Obria's claim that "[w]ere it not for that [AGO]

7   investigation, the Obria Clinics would have 'prepare[d] a brochure of materials on the safety and

8   efficacy of APR to be distributed on social media, at its clinics, and elsewhere.'" Dkt. #46 at 28

9   (quoting Third Compl. ¶ 120); *see also* Third Fraas Decl. ¶ 16. As discussed above, the AGO

10  has produced evidence that Obria Group continues to speak publicly about APR on the national

11  Obria website, which Obria PNW is affiliated with. Dkt. #45-4. The AGO should be permitted

12  to take discovery into why Obria feels comfortable providing information on the safety and

13  efficacy of APR on its website but feels "chilled" from preparing a brochure on the same exact

14  topic. *See* Dkt. #45-4 (making safety and efficacy claims on APR on national Obria website).

15  The AGO should also be permitted to take discovery into this alleged social media campaign

16  and when the decision was purportedly made to abandon it. Without discovery on these essential

17  issues, the AGO cannot meaningfully respond to Obria's self-serving claims of chill.

18                  **3.   Associational harm**

19          Finally, the AGO seeks specific and relevant information on Obria's unsupported

20  allegations of associational harm. Obria allege that "the Attorney General's investigation

21  damaged relationships with vendors who are mission-aligned with the Obria Clinics." Dkt. #46

22  at 34. But this allegation rests solely on hearsay. *See* Third Fraas Decl. ¶ 17. The AGO seeks to

23  discover facts regarding this allegation, including discovery into communications between Obria

24  PNW and its vendors. *Id.* These specific facts are relevant to refuting Obria's claim that their

25  freedom of association was violated. Indeed, as Obria rely on purported statements from their

26  vendors in support of their motion for summary judgment, *see* Dkt. 46 at 15, 27, 34 (relying on

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    First Sussman Decl. ¶¶ 2-5), the AGO should be permitted to explore the veracity of those

2    statements.

3                                          *      *      *

4            In sum, the AGO has identified specific, relevant facts for which discovery is essential

5    to the AGO's ability to respond to Obria's motion for summary judgment. Without an

6    opportunity to take such discovery, the AGO is forced to accept the entirety of Obria's verified

7    complaint at face value without any opportunity to interrogate and address its glaring omissions

8    and inconsistencies. This Court should give the AGO time to depose Ms. Sussman on the verified

9    complaint and allow the AGO to gather other information, testimony, and documents in support

10   of its defenses on the above issues before responding to Obria's motion for summary judgment.

11   *See Celotex*, 477 U.S. at 327 ("Rule 56 must be construed with due regard…for the rights of

12   persons opposing such claims and defenses to demonstrate…[there is] no factual basis.")

13   **C.      The AGO Has Good Reason to Believe the Information It Seeks Exists**

14           The AGO also has good reason to believe that the facts it seeks to obtain exist. Given

15   that Ms. Sussman verified the Third Complaint and submitted two declarations in this case

16   (attaching redacted and incomplete communications), she is undoubtedly in possession of

17   documents, communications, and information relevant to the limited discovery the AGO seeks

18   to obtain on the topics identified above. The AGO should be able to obtain discovery related to

19   those topics and depose Ms. Sussman on the factual allegations she verified. The AGO has also

20   submitted evidence from the publicly-available national website of Obria Group reflecting its

21   continued speech on APR (Dkt. #45-4) as well as its "Digital Outreach Strategy" for its affiliates

22   (Dkt. #45-5), giving the AGO a good faith belief that Obria Group will have relevant documents,

23   communications, and information on these issues, as well as communications with Obria PNW

24   related to its decision to affiliate with the national website and their purported desire to

25   collectively develop an APR brochure. The AGO should be able to obtain responsive documents

26   and communications on these issues and take a 30(b)(6) deposition of Obria Group on these

---

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

topics. Finally, based on the declarations of Ms. Sussman, both of which rely on hearsay, the AGO has good reason to believe that other third parties will have relevant information on the topics identified above, including Obria's web-related vendors and insurance broker. The AGO should be able to obtain these communications and, if necessary, take relevant depositions.

**D.      The AGO Has Not Yet Had an Opportunity to Conduct Discovery**

The Ninth Circuit has advised that if a party makes the requisite showing under 56(d), a continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery." *Burlington*, 323 F.3d at 773-74. The AGO has not had the opportunity to engage in *any* discovery as there has not yet been a Rule 26(f) conference. Nor was the AGO able to obtain informal discovery on Obria PNW's insurance-related allegations, as Obria "declined to provide those materials prior to discovery in this action." Dkt. #33 at 4. Thus, this Court should grant a continuance "as a matter of course" to allow the AGO to conduct the limited discovery requested here in. *Burlington*, 323 F.3d at 773-74.

**E.      The AGO Seeks Leave to Complete Briefing on its Pending Motion to Dismiss**

Given the AGO's need to take discovery to respond to Obria's motion for summary judgment, and in light of the court's previous order entering a combined briefing schedule (Dkt. #42), the AGO respectfully requests that it be permitted to file a standalone reply in support of its motion to dismiss while Rule 56(d) discovery proceeds. Therefore, in addition to a continuance of the summary judgment briefing schedule, *see id.*, the AGO requests three weeks from the date of the Court's Order on this Rule 56(d) motion to file a reply brief in support of its motion to dismiss.

## V.      CONCLUSION

The AGO meets all of the required factors under Rule 56(d) to justify a continuance and opportunity to take discovery. Accordingly, the Court should continue the summary judgment briefing schedule in this case to allow the AGO to pursue limited discovery into the issues identified above before filing its response brief.

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1

DATED this 4th day of September 2024.

2

ROBERT W. FERGUSON
Attorney General

3

4

*s/ Lauryn K. Fraas*
LAURYN K. FRAAS, WSBA #53238

5

KENDALL SCOTT COWLES, WSBA #57919
ALEXIA DIORIO, WSBA #57280

6

ERIC S. NEWMAN, WSBA #31521

7

Assistant Attorneys General
800 Fifth Avenue, Suite 2000

8

Seattle, WA 98104-3188
(206) 464-7744

9

Lauryn.Fraas@atg.wa.gov

10

Kendall.ScottCowles@atg.wa.gov
Alexia.Diorio@atg.wa.gov

11

Eric.Newman@atg.wa.gov
*Attorneys for Defendant*

12

I certify that this memorandum contains 4,175
words, in compliance with LCR 7(e)(2).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEF.'S MOT. FOR CONTINUANCE
PURSUANT TO FED. R. CIV. P. 56(d)
AND FOR LEAVE TO TAKE LIMITED
DISC.
NO. 3:23-cv-06093-TMC

13

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744